JOHN KNOCK *v.* CHRIST TRIBER ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—57.]

**Judgment Without Process, a Nullity.**

Where the legal owner of real estate is not a party to a proceeding to sell real estate a judgment of sale is a nullity, and is no bar to a subsequent proceeding where the owner is made a party.

APPEAL FROM CAMPBELL CHANCERY COURT.

June 11, 1881.

OPINION BY JUDGE PRYOR:

In this case, while the court has not been aided by the briefs of counsel for the appellees, it appears that the original sale of the land by Henson to the appellant was for $6,750, and only $2,400 had been paid, or about that sum; and while the judgment is not explanatory of the transaction, it is evident the chancellor applied the credits to the whole of the purchase-money. This being the case there is no error in the record of which the appellant can complain on this branch of the case. In the case of Triber it appears that the original petition was instituted to sell this land when the title was in the wife of the appellant, who was not before the court. The judgment to sell was therefore a nullity, and the second petition, setting forth these facts and praying for a sale of the property and making all the parties in interest defendants, presented a cause of action and entitled the plaintiff to the relief sought. There is no error in the record prejudicial to the appellant.

Judgment *affirmed.*

*E. W. Hawkins, for appellant.*

*F. M. Webster, for appellees.*